# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ELANOR TEDONE,

        Plaintiff,

against-

H.J. HEINZ COMPANY,
OWENS-ILLINOIS, INC d/b/a
OWENS-BROCKWAY GLASS CONTAINERS,
and MGM MIRAGE INC. d/b/a BORGATA
HOTEL CASINO & SPA,

        Defendants.

State Index No.: 02773/07

Civil No.: _____

## NOTICE OF REMOVAL

**07 CIV. 4111**
**WP4**

**OWENS-ILLINOIS, INC. d/b/a OWENS-BROCKWAY GLASS CONTAINERS,**

("defendant"), by counsel, states the following:

    1.    Plaintiff commenced this action on or about February 16th, 2007, by filing a Summons and Verified Complaint in the New York State Supreme Court in Westchester County under Index Number 02773/07 and captioned as above. Pursuant to 28 USC § 1446(a), an index of copies of all process, pleadings and orders served upon the defendant is attached hereto as "Exhibit A," and a copy of the plaintiff's Summons and Verified Complaint is attached hereto as "Exhibit B."

    2.    The defendant was served with this Summons and Verified Complaint by the plaintiff via the C.T. Corporation on or about May 3rd, 2007. A copy of C.T. Corporation's "Service of Process Transmittal" is attached hereto as "Exhibit C." This was the first notice Owens-Illinois, Inc., received in regards to this alleged incident.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED:

GOLDBERG SEGALLA LLP
170 Hamilton Ave., Ste. 203
White Plains, New York 10601

3.    This Notice of Removal is being filed within thirty (30) days after receipt of the Summons and Verified Complaint by the defendant, and as such is timely pursuant to 28 USC § 1446(b).

4.    Plaintiff's Verified Complaint alleges that on or about February 25th, 2005, plaintiff was present at the Borgata Casino in Atlantic City, New Jersey and sustained personal injury as the result of an alleged defect in a glass bottle purportedly manufactured by this defendant.    Upon information and belief, the value of the injuries suffered by the plaintiff exceeds $75,000.00. The basis for this belief is a conversation with counsel for plaintiff wherein he advises his client suffered a "severe" laceration to the hand and that the case has a top value of $125,000.00. The sufficiency of this claim is not admitted.

5.    Defendant is a Delaware corporation having its principal place of business in the State of Ohio. Co-defendant H.J. HEINZ COMPANY is a Pennsylvania corporation having a principal place of business in the State of Pennsylvania.    Co-defendant M.G.M. MIRAGE  INC. d/b/a BORGATA HOTEL CASINO & SPA is a Delaware Corporation having a principal place of business in the State of New Jersey. The Plaintiff is a New York resident with a principal domicile in the City of New Rochelle.

6.    Pursuant to 28 USC § 1332(c)(1), full diversity exists among all parties.

7.    Insofar as the amount in controversy is alleged to exceed $75,000.00 and full diversity exists between the parties, removal is proper pursuant to 28 USC § 1332(a) and 28 USC § 1441(a).

8.    Contemporaneously herewith, written notice is being given to all adverse parties and to the Clerk of the State of New York, Supreme Court, County of Westchester, that this Notice of Removal is being filed with this Court.

**WHEREFORE**, defendant OWENS-ILLINOIS, INC. d/b/a OWENS-BROCKWAY GLASS CONTAINERS files this Notice of Removal so that the entire state court action under Index Number 02773/07 now pending in the State of New York, Supreme Court, County of Westchester, be removed to this Court for all further proceedings.

Dated: May 25, 2007
       White Plains, New York

Yours, etc.,

GOLDBERG SEGALLA, LLP

By:_____
       Brian T. Stapleton, Esq.
       Frank J. Ciano, Esq.
       David S. Osterman, Esq.
       170 Hamilton Avenue, Suite 203
       White Plains, New York 10601
       (914) 798-5400
       *Attorneys for Defendant*
       *OWENS-ILLINOIS, INC. d/b/a*
       *OWENS-BROCKWAY GLASS CONTAINERS*

**EXHIBIT A**


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELANOR TEDONE,

               Plaintiff,

    against-

H.J. HEINZ COMPANY,
OWENS-ILLINOIS, INC d/b/a
OWENS-BROCKWAY GLASS CONTAINERS,
and MGM MIRAGE INC. d/b/a BORGATA
HOTEL CASINO & SPA,

               Defendants.

**State Index No.: 02773/07**

**Civil No.: _____**

**NOTICE OF REMOVAL**


**INDEX OF PROCESS, PLEADINGS AND**
**ORDERS SERVED UPON DEFENDANT**


1.      Summons and Verified Complaint dated and filed February 16th, 2007.

2.      C.T. Corporation's "Service of Process Transmittal" dated May 3rd, 2007.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Index No.: 02773/07
Date Purchased: 2/16/07

-------------------------------------------------------------X

ELEANOR TEDONE,

**SUMMONS**

Plaintiff,

Plaintiff designates:
Westchester County as
the place of trial.
The Basis of venue is
Plaintiff's address:
150 Neptune Avenue
New Rochelle, New York
**Westchester County**, New
York

-against-

H.J. HEINZ COMPANY,
OWENS-ILLINOIS, INC. d/b/a/
OWENS BROCKWAY GLASS CONTAINERS,
and MGM MIRAGE INC. d/b/a BORGATA
HOTEL CASINO & SPA,

Defendants.

-------------------------------------------------------------X

To the above named Defendants:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive

of the day of service (or within 30 days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
           February 14th, 2007

Hugh G. Jasne, Esq.
**JASNE & FLORIO, L.L.P.**
*Attorney for Plaintiff*
525 N. Broadway Suite 222
White Plains, NY 10603
(914) 997-1212

RECEIVED
FEB 16 2007
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Page -1-

H.J. HEINZ COMPANY
PO BOX 57
PITTSBURGH, PA 15230
ATTENTION: LAW DEPARTMENT

H.J. HEINZ COMPANY
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK 10011

OWENS-ILLINOIS, INC. d/b/a/
OWENS BROCKWAY GLASS CONTAINERS
ONE MICHAEL OWENS WAY
PERRYSBURG, OHIO 43551-2999

OWENS-ILLINOIS, INC. d/b/a/
OWENS BROCKWAY GLASS CONTAINERS
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK 10011

MGM MIRAGE INC. d/b/a
BORGATA HOTEL CASINO & SPA,.
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
ELEANOR TEDONE,

                  Plaintiff,

        -against-

H.J. HEINZ COMPANY,
OWENS-ILLINOIS, INC. d/b/a/
OWENS BROCKWAY GLASS CONTAINERS,
and MGM MIRAGE INC. d/b/a BORGATA
HOTEL CASINO & SPA,

                  Defendants.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

# RECEIVED

## FEB 16 2007

TIM~ ~~ ~. IDONI
COU~TY CLERK
COUNTY OF WESTCHESTER

Plaintiffs, by their attorneys JASNE & FLORIO, L.L.P. complaining of the Defendants,

respectfully alleges as follows:

## PARTIES, JURISDICTION & VENUE

1.      At all relevant times, PLAINTIFF, ELEANOR TEDONE, was a resident of the County of

WESTCHESTER, State of New York.

2.      At all relevant times, PLAINTIFF, ELEANOR TEDONE, resided at 150 Neptune Avenue,

New Rochelle, New York.

3.      At all relevant times, Defendant, H.J. HEINZ COMPANY was doing business within the

State of New York.

4.      At all relevant times, Defendant, H.J. HEINZ COMPANY was authorized to do business in

the State of New York.

5.      At all relevant times, Defendant, OWENS-ILLINOIS, INC. was registered to do business

within the State of New York.

6.    At all relevant times, Defendant, OWENS-ILLINOIS, INC. was doing business within the State of New York.

7.    At all relevant times, Defendant, OWENS-ILLINOIS, INC. was doing business as OWENS BROCKWAY GLASS CONTAINERS.

8.    At all relevant times, Defendant, OWENS-ILLINOIS, INC. was authorized to do business in the State of New York.

9.    At all relevant times, Defendant, MGM MIRAGE INC. was registered to do business within the State of New York.

10.   At all relevant times, Defendant, MGM MIRAGE INC. was doing business as BORGATA HOTEL CASINO & SPA.

11.   At all relevant times, Defendant, MGM MIRAGE INC. was authorized to do business in the State of New York

12.   At all relevant times, Defendant, MGM MIRAGE INC. doing business as BORGATA HOTEL CASINO & SPA hereafter "BORGATA" was located at One Borgata Way, City of Atlantic City in the State of New Jersey.

13.   At all relevant times, Defendant BORGATA was and is the owner and operator of record of the property located at One Borgata Way, City of Atlantic City in the State of New Jersey.

14.   At all relevant times, H. J. HEINZ COMPANY sold HEINZ ketchup products in containers produced by OWENS-ILLINOIS, INC.

15.   At all relevant times, Defendant, OWENS-ILLINOIS, INC. was a supplier and retailer of glass containers used in the packaging of HEINZ products.

16.   At all relevant times, Defendant, OWENS-ILLINOIS, INC. was a supplier and retailer of

glass containers used in the packaging of 2.25 oz. HEINZ tomato ketchup.

17. At all relevant times, Defendant, H.J. HEINZ COMPANY was a supplier and retailer of 2.25 oz. ketchup product supplied to establishments in the food service industry, servicing the public.

18. At all relevant times, Defendant, H.J. HEINZ COMPANY was a supplier and retailer of 2.25 oz. ketchup product supplied to Defendant BORGATA for the purpose of servicing the public.

## FACTUAL ALLEGATIONS

19. That the acts complained of hereunder forming the basis of the within action took place in the County of the Atlantic, City of Atlantic City and the State of New Jersey.

20. That on the 20th of February, 2005, the PLAINTIFF was lawfully present as a guest of Defendant, Borgata for lawful purposes.

21. That on or about the 20th of February, 2005, the PLAINTIFF contracted for lodging by Defendant, Borgata, as an Innkeeper.

22. That on the 20th of February, 2005, the PLAINTIFF ordered and received in-room dining where Defendant, Borgata supplied Plaintiff with 2.25 ounce container of Heinz tomato ketchup in addition to other foods.

23. The Plaintiff undertook to open said container, when in the process of the twisting motion the container glass fractured in the Plaintiff's hands.

24. Said container sent shards of glass into the Plaintiff's hands which was compounded by the twisting motion necessary to open the container.

25.    As a result of the above acts of the Defendants, the PLAINTIFF has suffered serious personal injuries causing her to become and remain sick, sore, lame, and disabled; confining her at home and bed; compelling her to obtain hospital and medical treatment for the injuries in an effort to alleviate and/or cure some of the injuries and disabilities; incapacitating her from her usual duties, and thereby depriving her of the emoluments derived therefrom, preventing her from enjoying the normal fruits of her activities; and resulting in emotional distress, loss of liberty, substantial monetary expenses, loss and injuries, some of which are permanent in nature, and, upon information and belief, as a result of said injuries, Plaintiff has been and will continue to be obligated to incur expenses for medical care and attention.

26.    The injuries and damages sustained by Plaintiff was caused by reason of Defendant's negligence and were not caused by any want, lack of care or lack of caution on the part of the Plaintiff.

### AS AND FOR PLAINTIFFS FIRST CAUSE OF ACTION:

27.    Plaintiff repeats, restates, and reiterates each and every statement made previously heretofore with the same force and effect as if set forth fully at length once and again.

28.    Upon information and belief, Defendant, Borgata had a duty of reasonable care to make premises safe for patrons.

29.    Defendant, Borgata, failed to inspect or warn Plaintiff of the possibility that container was defective or damaged.

30.    The INJURIES were the result of, caused and occasioned through and by reason of the failure of the defendants to preform such duty.

Page -6-

31.    The INJURIES were the result of, caused and occasioned through and by reason of the

carelessness, recklessness and negligence of Defendants, having failed to exercise due and

proper care in the service of Plaintiff patron.

32.    That the Defendants, by their agents, servants and/or employees have failed to comply with

their non-delegable duties to the PLAINTIFF.


## AS AND FOR PLAINTIFFS SECOND CAUSE OF ACTION:

33.    Plaintiff repeats, restates, and reiterates each and every statement made previously heretofore

with the same force and effect as if set forth fully at length once and again.

34.    That Defendant OWENS-ILLINOIS, INC. was negligent in the design, manufacture and

implementation of the container used to hold Heinz ketchup.

35.    That Defendant OWENS-ILLINOIS, INC was and is aware that the product's travel through

normal channels of distribution may become unsafe by impact to container causing cracking

and breakage by the consumer's normal and foreseeable use of said product.

36.    That Defendant OWENS-ILLINOIS, INC was and is aware that alternative materials are

available in the manufacture of ketchup containers that would be resistant to cracking and

breakage.

37.    That the use of alternative materials would not affect the cost or utility of said product.

38.    The INJURIES were the result of, caused and occasioned through and by reason of the

carelessness, recklessness and negligence of Defendants, having failed to exercise due and

proper care in the maintenance of said property.

39.    That the Defendants, by their agents, servants and/or employees have failed to comply with

their non-delegable duties to the PLAINTIFF.

## AS AND FOR PLAINTIFFS THIRD CAUSE OF ACTION:

40.    Plaintiff repeats, restates, and reiterates each and every statement made previously heretofore with the same force and effect as if set forth fully at length once and again.

41.    That Defendant OWENS-ILLINOIS, INC. was negligent in the manufacturing of the container used to hold Heinz ketchup.

42.    That Defendant OWENS-ILLINOIS, INC. failed to properly inspect the container used to hold Heinz ketchup.

43.    That the container left the custody of Defendant OWENS-ILLINOIS, INC. in a condition that was different and more dangerous than properly made containers.

44.    That the product traveled through normal channels of distribution.

45.    The INJURIES were the result of, caused and occasioned through and by reason of the carelessness, recklessness and negligence of Defendants, having failed to exercise due and proper care in the maintenance of said property.

46.    That the Defendants, by their agents, servants and/or employees have failed to comply with their non-delegable duties to the PLAINTIFF.

## AS AND FOR PLAINTIFFS FOURTH CAUSE OF ACTION:

47.    Plaintiff repeats, restates, and reiterates each and every statement made previously heretofore with the same force and effect as if set forth fully at length once and again.

48.    That Defendant H.J. HEINZ COMPANY was negligent in the inspection of the container

used to hold Heinz ketchup.

49.   That Defendant H.J. HEINZ COMPANY by and through its agents failed to properly inspect

the container used to hold Heinz ketchup.

50.   That the container left the custody of Defendant H.J. HEINZ COMPANY in a condition that

was different and more dangerous than properly made containers.

51.   That the product travel through normal channels of distribution.

52.   The INJURIES were the result of, caused and occasioned through and by reason of the

carelessness, recklessness and negligence of Defendants, having failed to exercise due and

proper care in the maintenance of said property.

53.   That the Defendants, by their agents, servants and/or employees have failed to comply with

their non-delegable duties to the PLAINTIFF.


## AS AND FOR PLAINTIFFS FIFTH CAUSE OF ACTION:

54.   Plaintiff repeats, restates, and reiterates each and every statement made previously heretofore

with the same force and effect as if set forth fully at length once and again.

55.   The above stated glass ketchup bottle was unfit, unuseable and unsuitable for it's intended

use and purpose.

56.   The above stated glass ketchup bottle caused injury to the Plaintiff herein.


WHEREFORE, PLAINTIFF demands Judgment against the Defendants jointly and

severally in an amount exceeding all lower Court jurisdictions relevant to the action, as well as costs

and disbursements of the action and any other just and further relief the Court may so determine as

Page -9-

just and proper.

Dated: White Plains, New York
       February 14th, 2007

                             Hugh G. Jasne, Esq.
                             **JASNE & FLORIO, LLP**
                             *Attorneys for Plaintiff*
                             525 N. Broadway Suite 222
                             White Plains, New York  10603
                             (914) 997-1212

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

Eleanor Tedone, being duly sworn, deposes and says:

That I am the PLAINTIFF in the within action.

I have read the foregoing SUMMONS & VERIFIED COMPLAINT and know the contents thereof, and the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.

_Eleanor Tedone_
Eleanor Tedone

Sworn to before me this
_15 th_ day of February, 2007

_Jonathan R. Zuckerman_

JONATHAN R. ZUCKERMAN
Notary Public, State of New York
No. 01ZU6126192
Qualified in Westchester County
Commission Expires May 2, 2009

INDEX NO.: 02773/07
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

ELEANOR TEDONE,

                            **Plaintiff,**

        - against -

H.J. HEINZ COMPANY,
OWENS-ILLINOIS, INC. d/b/a
OWENS BROCKWAY GLASS CONTAINERS,
and MGM MIRAGE, INC. d/b/a BORGATA
HOTEL CASINO & SPA,

                         **Defendants.**

---

## SUMMONS AND VERIFIED COMPLAINT

---

# JASNE & FLORIO, L.L.P.

*Attorneys for Plaintiff*

525 North Broadway, Suite 222
White Plains, New York 10603
(914) 997-1212

MAY 0 7 2007

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
05/03/2007
Log Number 512189548

9946346

**TO:**    Mona Huffman
Owens-Illinois Inc.
One Michael Owens Way
Perrysburg, OH, 43551-2999

**RE:**    **Process Served in New York**

**FOR:**    Owens-Illinois, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Eleanor Tedone, Pltf. vs. H.J. Heinz Company, et al. including Owens-Illinois, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint, Verification |
| **COURT/AGENCY:** | Westchester County: Supreme Court, NY Case # 02773/07 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 'Glass containers used in packaging of Heinz products' |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/03/2007 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Hugh G. Jasne Jasne & Florio, L.L.P. 525 N. Broadway Suite 222 White Plains, NY, 10603 (914) 997-1212 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791291423613 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Christopher Tilton |
| **ADDRESS:** | 111 Eighth Avenue New York, NY, 10011 |
| **TELEPHONE:** | 212-894-8940 |

**RECEIVED**

MAY 1 0 2007

SUZANNE WICIAK

Page 1 of 1 / ND

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following by deposit in the United States mail, first class postage prepaid, this 25th day of May, 2007:

JASNE & FLORIO
525 N. Broadway, Suite 222
White Plains, NY 10603
(914) 997-1212
*Attorneys for Plaintiff*

GOLDBERG SEGALLA, LLP

By: _____
Brian T. Stapleton, Esq.
Frank J. Ciano, Esq.
David S. Osterman, Esq.
GOLDBERG SEGALLA, LLP
**Attorneys for All Defendants**
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
(914) 798-5400