UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELANOR TEDONE<br><br>                          Plaintiff,<br><br>     -against-<br><br>H.J. HEINZ COMPANY, OWENS-ILLINOIS, INC. d/b/a OWENS-BROCKWAY GLASS CONTAINERS and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO SPA,<br><br>                          Defendants. | 7:07-cv-04111 (KMK) (MDF)<br><br>**ANSWER** |

The defendant, OWENS-ILLINOIS, INC. d/b/a OWENS-BROCKWAY GLASS CONTAINERS ["OWENS"], by their attorneys, GOLDBERG SEGALLA LLP, as and for their Verified Answer to plaintiff's Verified Complaint allege as follows:

**PARTIES, JURISDICTION & VENUE**

**FIRST:** Defendant, OWENS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "1", "2", "3", "6", "9", "10", "11", "12", "13", "17" and "18" of plaintiff's Verified Complaint.

**SECOND:** Defendant, OWENS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "4", "5" and "8" of plaintiff's Verified Complaint and refers all questions of law to the Honorable Court.

## FACTUAL ALLEGATIONS

**THIRD:** Defendant, OWENS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated as "19", "20", "21", "22", "23" and "24" of plaintiff's Verified Complaint.

**FOURTH:** Defendant, OWENS denies the allegations in the paragraphs designated as "25" and "26" of plaintiff's Verified Complaint.

## ANSWERING THE PLAINTIFF'S FIRST CAUSE OF ACTION

**FIFTH:** In answer to the paragraph designated as "27" in the plaintiff's Verified Complaint, OWENS repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "FOURTH" of the Verified Answer with the same force and effect as if they were set forth fully and at length herein.

**SIXTH:** Defendant, OWENS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph designated as "28" and "29" of plaintiff's Verified Complaint.

**SEVENTH:** Defendant, OWENS denies the allegations in the paragraphs designated as "30", "31" and "32" of plaintiff's Verified Complaint.

## ANSWERING THE PLAINTIFF'S SECOND CAUSE OF ACTION

**EIGHTH:** In answer to the paragraph designated as "33" in the plaintiff's Verified Complaint, OWENS repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "SEVENTH" of the Verified Answer with the same force and effect as if they were set forth fully and at length herein.

**NINTH:** Defendant, OWENS denies the allegations in the paragraphs designated as "34", "35", "36", "37", "38" and "39" of plaintiff's Verified Complaint.

## ANSWERING THE PLAINTIFF'S THIRD CAUSE OF ACTION

**TENTH:** In answer to the paragraph designated as "40" in the plaintiff's Verified Complaint, OWENS repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "NINTH" of the Verified Answer with the same force and effect as if they were set forth fully and at length herein

**ELEVENTH:** Defendant, OWENS denies the allegations in the paragraphs designated as "41", "42", "43," "45" and "46" of plaintiff's Verified Complaint.

**TWELFTH:** Defendant, OWENS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph designated as "44" of plaintiff's Verified Complaint.

## ANSWERING THE PLAINTIFF'S FOURTH CAUSE OF ACTION

**THIRTEENTH:** In answer to the paragraph designated as "47" in the plaintiff's Verified Complaint, OWENS repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "TWELFTH" of the Verified Answer with the same force and effect as if they were set forth fully and at length herein.

**FOURTEENTH:** Defendant, OWENS denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph designated as "48", "49", "50" and "51" of plaintiff's Verified Complaint.

**FIFTEENTH:** Defendant, OWENS denies the allegations in the paragraphs designated as "52" and "53" of plaintiff's Verified Complaint.

### ANSWERING THE PLAINTIFF'S FIFTH CAUSE OF ACTION

**SIXTEENTH:** In answer to the paragraph designated as "54" in the plaintiff's Verified Complaint, OWENS repeats, reiterates and realleges each of the responses set forth in paragraphs "FIRST" through "FIFTEENTH" of the Verified Answer with the same force and effect as if they were set forth fully and at length herein.

**SEVENTEENTH:** Defendant, OWENS denies the allegations in the paragraphs designated as "55" and "56" of plaintiff's Verified Complaint.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS, H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA

**EIGHTEENTH:** If the damages and injuries alleged in the plaintiff's Verified Complaint were the result of any negligence other than the plaintiff's own negligence, said injuries and damages were caused by the active, primary and affirmative negligence of the co-defendants, H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA, its agents, servants and/or employees, without any active negligence or active participation on the part of the answering defendant contributing thereto; and in that said co-defendants caused, created, maintained, controlled, supervised and was responsible for the conditions alleged in plaintiff's Verified Complaint and at the situs of the occurrence; and in that said co-defendants were the primary wrong-doer of any and all negligent or wrongful acts; and in that co-defendants actively and actually caused, created, maintained and was responsible for the conditions alleged in plaintiff's Complaint; and that for these reasons said co-

defendants, H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA, is obligated to indemnify and hold harmless the answering defendant from and against any and all liability and damages which may be imposed upon the answering defendant, and if any negligence or liability is found to exist on the part of the answering defendant, such liability and negligence is secondary and/or passive, or the result solely of operation of law as opposed to the liability of said co-defendants, H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA, whose liability is primary and active as aforesaid, and in such event the answering defendant demands judgment over and against said co-defendants, H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA, in indemnity and/or contribution, for the amount of any verdict or judgment which shall or may be had against the answering defendant in this action, together with all costs and expenses which may be incurred in the defense of this action.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS, H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA

**NINTEENTH:** If the answering defendant is held liable to the plaintiff in this action, such liability and damages will have arisen out of and have been contributed to in all or in part by the breach of contract, breach of warranty and/or strict liability of the co-defendants, H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA, and in such event the answering defendant demands judgment over and against said co-defendants, H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA, in indemnity and /or contribution, for the amount of any verdict or judgment which shall or may be had against the answering

defendant in this action, together with all costs and expenses which may be incurred in the defense of this action.

### FIRST AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff was caused or contributed to by Plaintiff's own negligence or culpable conduct and this answering Defendant is, therefore, not liable to Plaintiff or, alternatively, the Defendant's liability to Plaintiff is partial only and should be reduced in accordance with applicable law.

### SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff was caused by the direct and proximate negligence or intentional conduct of other parties, their agents or employees, or by others unknown at this time over whom this answering Defendant had no control at any time relevant hereto, and in the event this answering Defendant is found liable to Plaintiff, which liability is expressly denied, this answering Defendant will be entitled to indemnification, contribution or apportionment of liability pursuant to applicable law.

### THIRD AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff was not proximately caused by any negligence or culpable conduct on the part of this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not create a defective or dangerous condition where the alleged accident occurred; defendant had no actual or constructive notice of any alleged dangerous or defective condition, defendant did not have a reasonable time within which to correct any such alleged condition, or warn others about its existence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by defendant or by a person or entity for whom the defendant is responsible.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of his alleged damages and on that account the defendant is not liable to plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant's liability, if any, to plaintiff is limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

## EIGHTH AFFIRMATIVE DEFENSE

The Verified Complaint fails to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Defendant, pursuant to §§ 1411, 1412 and other applicable provisions of the Civil Practice Law and Rules, alleges that if the plaintiff sustained any injuries or damages at the time and place alleged in the Verified Complaint, such injuries and/or damages were the result of the culpable conduct of the plaintiff, and/or the other parties hereto or were the result of the plaintiff's assumption of risk. Should it be found, however, that defendant is liable to the plaintiff herein, any liability being specifically denied, then any damages are to be apportioned among the plaintiff, defendant and/or the other parties hereto according to the degree of responsibility that each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### TENTH AFFIRMATIVE DEFENSE

That the plaintiff could, with due diligence, have obtained personal jurisdiction over tort feasors not a party to this lawsuit and thus the culpability of these missing or absent tort feasors may be computed into the apportionment of total culpability causing the subject occurrence.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event that plaintiff recovers a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545 by those amounts which have been or will with reasonable certainty replace or indemnify plaintiff in whole or in part for any past or future claimed medical expenses, or other such economic loss, as paid from any collateral source, such as, but not limited to, insurance, social security, worker's compensation, or employee programs.

### TWELFTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant is involved in the subject occurrence, the product in question, when sold as new property, was merchantable and reasonably suited to its intended use.

### THIRTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant is involved in the subject occurrence, the product was substantially misused, abused, modified and/or altered subsequent to its placement into the stream of commerce by this answering Defendant, and such misuse, abuse, modification and/or alteration proximately caused Plaintiff's alleged injuries and damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

This court does not have jurisdiction over this answering Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

This answering Defendant was not properly served with process in the within action.

## SIXTEENTH AFFIRMATIVE DEFENSE

The venue for the within action is improper.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant was involved in the alleged accident, and any express warranties were made with regard to the product, and/or if implied warranties are deemed to exist with respect to the product, the product met or exceeded each and every such implied and/or express warranty, if any, that existed or is deemed to exist.

## NINETEENTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant was involved in the alleged accident, and any express warranties were made with regard to the product, and/or if implied warranties are deemed to exist with respect to the product, no notice of any alleged breach of this warranty was provided to defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant was involved in the subject occurrence, said product at all times conformed with the current state-of-the-art or knowledge of trade or industry customs and standards applicable at that

time in the industry which produced such products, and was designed, manufactured, distributed and sold with due care.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant is involved in the subject accident, the alleged damages were the result of the product having been used in a manner not intended by said Defendant or in a manner not in accordance with the instructions and labels provided with it or with known safety practices.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff, through the exercise of reasonable care, would have averted his injuries and damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering Defendant is involved in the subject accident, when said product left this answering defendant's control, it was not defective and was reasonably safe in relation to product users.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

If the product referred to in plaintiff's complaint was dangerous or defective as alleged by plaintiff, which is expressly denied by this answering defendant, then such condition was open and obvious and plaintiff by the exercise of reasonable care would have discovered the defect and perceived the danger.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by this answering defendant was involved in the alleged accident, such product was accompanied by adequate warnings and instructions at the time it left the possession of this answering defendant.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff makes claims on both strict liability and warranty. Since the plaintiff claims personal injuries, the theory of strict tort liability overrides recovery on a warranty theory and plaintiff is not entitled to have any warranty theory submitted to the jury. The allegations relating to implied warranty fail to state a claim upon which relief can be granted

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred based on the applicable statute of repose.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the exclusive remedy provisions of the Workers Compensation Law of the State of New York and the Workers' Compensation Laws of any other applicable state.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because such damages are not recoverable or warranted in this action, and plaintiffs fail to set forth with particularity the fraud or conspiracy alleged.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the due process clause of the Fourteenth Amendment to the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and prohibiting the imposition of excessive fines.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Defendant's claims are barred by the Informed Intermediary/Sophisticated User Doctrine to the extent it is applicable to any of the allegations in Defendant's Complaint for damages.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads the application of comments h, j and k of section 402A of the Restatement (Second) of Torts and its limitations upon the doctrine of strict product liability for purported design defect.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by defendant is involved in the subject accident, any damages sustained by Plaintiff was caused by an idiosyncratic reaction to defendant's products not reasonably foreseeable to defendant.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant's products were manufactured, packaged, and labeled in accordance with the accepted industry, scientific and medical standards of the time.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant kept abreast of knowledge of and updated its products as gained through research, scientific literature and other available methods.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The lack of privity between Plaintiff and Defendant bars any claims based on contractual theories including, but not limited to, breach of warranty claims.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by Defendant is involved in the subject accident, the conduct of Defendant and the subject products at all times conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal statutes and regulations. Accordingly, Plaintiff's claims, predicated on state tort law and alleging the subject products to be unsafe, are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article VI, clause 2.

### FORTIETH AFFIRMATIVE DEFENSE

Oral warranties upon which Fortieth Plaintiff allegedly relied are unavailable as violative of the provisions of the applicable Statute of Frauds.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and/or damages alleged in the Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches, waiver and/or estoppel.

### FORTY-THIRD AFFIRMATIVE DEFENSE

While denying the existence and/or breach of any warranties, Defendant asserts that, in the event that any such warranties did exist, the Plaintiff did not rely upon same.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were the result of preexisting or subsequent conditions unrelated to the subject products allegedly manufactured, or distributed by Defendant.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

If a product placed into the stream of commerce by Defendant is involved in the subject accident, said product met the requirements of Restatement (Third) of Torts, Section 6 and Defendant affirmatively pleads the application of said section along with the affirmative defenses pertaining thereto.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant had no duty to warn about any possible dangers in using its products that were not known or knowable at the time of manufacture and sale of its products.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to provide timely notice of the defect as required by the New York Uniform Commercial Code.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's claims and causes of action are barred because plaintiff or plaintiff's agents have by act or omission, destroyed, lost or spoliated evidence crucial to the defense of the claims asserted in the complaint.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Upon information and belief, the spoliation of the product or the alleged defective component parts at issue has deprived defendant of its full and unfettered opportunity to establish and present a defense herein, thus entitling it to dismissal of the claims against it.

## FIFTIETH AFFIRMATIVE DEFENSE

The plaintiffs lack standing to bring this action.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to take all steps necessary and proper to mitigate damages.

Any award of punitive damages claimed by the plaintiffs/decedents would violate the Fifth, Eighth and Fourteenth Amendments, and the Contracts Clause, of the Constitution of the State of New York upon the following separate grounds:

    a.    An award of punitive damages would violate the defendant's right to due process.

    b.    An award of punitive damages would violate the defendant's rights to equal protection of laws.

    c.    An award of punitive damages would violate the guarantee that excessive fines shall not be imposed.

    d.    An award of punitive damages would violate the prohibition against impairing the obligation of contracts.

    e.    The procedure relating to the imposition of such damages improperly failed to provide objective standards limiting the award of, and amount of, punitive damages.

f.      The procedures relating to the imposition of such damages improperly allow the admission of such evidence relevant to punitive damages, in the same proceeding during which liability and compensatory damages are determined.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs/decedents' claims for punitive damages contravene these answering defendants' constitutional rights as reserved for a defendant by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the corresponding sections of the Constitution for the State of New York, in that punitive damages are penal in nature and tantamount to the imposition of a criminal fine. Further, the guidelines, standards and/or instructions for the imposition of the punitive damages are vague, indefinite, and uncertain and set no limit on the damages which can be awarded. They furthermore do not apprise these answering defendants of the conduct that will subject it to criminal penalties, expose it to multiple punishment and fines for the same act, and discriminate against these answering defendants on the basis of wealth in that different amounts can be awarded against different defendants for the same act but who differ only in material wealth.

### JURY DEMAND

Defendants OWENS hereby demands a trial by jury.


**WHEREFORE**, defendant, OWENS-ILLINOIS, INC. d/b/a OWENS BROCKWAY GLASS CONTAINERS, demands that the Verified Complaint be dismissed, and further demands judgment over on the cross-claims as against H.J. HEINZ COMPANY and MGM MIRAGE INC. d/b/a BORGATA HOTEL CASINO & SPA,

together with the costs, attorneys fees and disbursements of the within action, and such other, further or different relief which the Court may deem just and proper under the circumstances.

Dated: Dated: White Plains, New York
August 16, 2007

Yours, etc.,

GOLDBERG SEGALLA LLP.

By: _____
Brian T. Stapleton, Esq. (BTS-5640)
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
(914) 798-5400
GS File No.: 12097.0006
*Attorneys for Defendants,*
*OWENS-ILLINOIS, INC., d/b/a OWENS*
*BROCKWAY GLASS CONTAINERS*

TO: JASNE & FLORIO, L.L.P.
Attorneys for Plaintiff
525 North Broadway, Suite 222
White Plains, New York 10603
(914) 997-1212

CAMACHO MAURO MULHOLLAND, LLP
Attorneys for Co-Defendant
MGM MIRAGE, INC., d/b/a BORGATA HOTEL CASINO SPA
350 Fifth Avenue – Suite 5101
New York, NY 10118
(212) 947-4999

84688.1

## ATTORNEY'S VERIFICATION

The undersigned, BRAIN T. STAPLETON, an attorney admitted to practice in the Courts of the State of New York, affirms:

I am the attorney of record for OWENS-ILLINOIS, INC., d/b/a OWENS BROCKWAY GLASS CONTAINERS, the defendant in the within action; I have read the foregoing **VERIFIED ANSWER** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The grounds for my belief as to all matters not stated upon my knowledge are investigations, which I have made or have caused to be made concerning the subject matter of this action, and statements of parties and/or witnesses made herein.

This verification is made by affirmation because OWENS-ILLINOIS, INC., d/b/a OWENS BROCKWAY GLASS CONTAINERS, resides in a jurisdiction outside the county where the affirmant maintains his office.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:     White Plains, New York
           August 16, 2007

                                          _____
                                          BRIAN T. STAPLETON, ESQ.

## CERTIFICATION

**BRIAN T. STAPLETON,** an attorney admitted to practice law in the Courts of the State of New York, affirms under the penalties of perjury, that the following statements are true:

That I am the attorney for defendant, OWENS-ILLINOIS, INC., d/b/a OWENS BROCKWAY GLASS CONTAINERS. That I certify to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that presentation OWENS-ILLINOIS, INC., d/b/a OWENS BROCKWAY GLASS CONTAINERS.' Verified Answer to plaintiff's Verified Complaint to and the contentions therein are not frivolous as defined in 22 NYCRR 130-1.1-a, et seq.

Dated: Dated: White Plains, New York
August 16, 2007

Yours, etc.,

GOLDBERG SEGALLA LLP.

By: _____
Brian T. Stapleton, Esq. (BTS-5640)
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
(914) 798-5400
GS File No.: 12097.0006
***Attorneys for Defendants,
OWENS-ILLINOIS, INC., d/b/a OWENS
BROCKWAY GLASS CONTAINERS***

Tedone v. H.J. Heinz Company, et al.
07 CIV 4111
GS File No.:   12097.0006

## CERTIFICATE OF MAILING

On the **16th day of August, 2007**, a true and correct copy of the within and foregoing instrument was mailed, with sufficient postage fully prepaid, to the following counsel of record:

JASNE & FLORIO, L.L.P.
Attorneys for Plaintiff
525 North Broadway, Suite 222
White Plains, New York 10603
(914) 997-1212


CAMACHO MAURO MULHOLLAND, LLP
Attorneys for Co-Defendant
MGM MIRAGE, INC., d/b/a BORGATA HOTEL CASINO SPA
350 Fifth Avenue – Suite 5101
New York, NY 10118
(212) 947-4999

_____
BRIAN T. STAPLETON, ESQ.

84700.1