SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
ELEANOR TEDONE,                                    INDEX NO.: 7369/2006

               Plaintiff,
                                            VERIFIED ANSWER AND
   -against-                                 AFFIRMATIVE DEFENSES

H.J. HEINZ COMPANY, OWENS- ILLINOIS,
INC., OWENS BROCKWAY GLASS
CONTAINER and MGM MIRAGE, INC.
d/b/a BORGATA HOTEL CASINO & SPA,

               Defendants.
------------------------------------------------------------X

       Defendant H.J. HEINZ COMPANY, by and through its attorneys Bonner Kiernan Trebach & Crociata, LLP, as and for its Verified Answer to Plaintiff's Complaint, sets forth upon information and belief as follows:

## PARTIES, JURISDICTION & VENUE

       1.     Defendant H.J. Heinz Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2 and 18 of Plaintiff's Complaint and so denies same.

       2.     Defendant H.J. Heinz Company admits the allegations contained in Paragraphs 3, 4, 14 and 17 of Plaintiff's Complaint.

       3.     Defendant H.J. Heinz Company makes no answer to the allegations contained in Paragraphs 5 through 13, 15 and 16 of Plaintiff's Complaint as no allegations therein are directed to this Defendant. To the extent that any of these allegations are deemed to apply to this Defendant, they are denied.

## FACTUAL ALLEGATIONS

4. Defendant H.J. Heinz Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 19 through 22 of Plaintiff's Complaint and so denies same.

5. Defendant H.J. Heinz Company denies the allegations contained in Paragraphs 23 through 26 of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

6. Defendant H.J. Heinz Company responds to Paragraph 27 by repeating and reiterating its answers to Paragraphs 1 through 26 of Plaintiff's Complaint as though set forth at length herein.

7. Defendant H.J. Heinz Company makes no answer to the allegations contained in Paragraphs 28 and 29 of Plaintiff's Complaint as they are not directed to this Defendant. To the extent that any of these allegations are deemed to apply to this Defendant, they are denied.

8. Defendant H.J. Heinz Company denies the allegations contained in Paragraphs 30 through 32 of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

9. Defendant H.J. Heinz Company responds to Paragraph 33 by repeating and reiterating its answers to Paragraphs 1 through 32 of Plaintiff's Complaint as though set forth at length herein.

10. Defendant H.J. Heinz Company makes no answer to the allegations contained in Paragraphs 34 through 36 of Plaintiff's Complaint as they are not directed to this Defendant. To the extent that any of these allegations are deemed to apply to this Defendant, they are denied.

11. Defendant H.J. Heinz Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint and so denies same.

12. Defendant H.J. Heinz Company denies the allegations contained in Paragraphs 38 and 39 of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

13. Defendant H.J. Heinz Company responds to Paragraph 40 by repeating and reiterating its answers to Paragraphs 1 through 39 of Plaintiff's Complaint as though set forth at length herein.

14. Defendant H.J. Heinz Company makes no answer to the allegations contained in Paragraphs 41 through 43 of Plaintiff's Complaint as they are not directed to this Defendant. To the extent that any of these allegations are deemed to apply to this Defendant, they are denied.

15. Defendant H.J. Heinz Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint and so denies same.

16. Defendant H.J. Heinz Company denies the allegations contained in Paragraphs 45 and 46 of Plaintiff's Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

17. Defendant H.J. Heinz Company responds to Paragraph 47 by repeating and reiterating its answers to Paragraphs 1 through 46 of Plaintiff's Complaint as though set forth at length herein.

18. Defendant H.J. Heinz Company denies the allegations contained in Paragraphs 48 through 50, and 52 and 53 of Plaintiff's Complaint.

19. Defendant H.J. Heinz Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiff's Complaint and so denies same.

### AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

20. Defendant H.J. Heinz Company responds to Paragraph 54 by repeating and reiterating its answers to Paragraphs 1 through 53 of Plaintiff's Complaint as though set forth at length herein.

21. Defendant H.J. Heinz Company denies the allegations contained in Paragraphs 55 and 56 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Recovery is barred in this action by the failure of the Complaint to state a claim upon which relief can be granted against this Defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. If injuries and damages were sustained by Plaintiff at the time and place and in the manner alleged in the Complaint, such injuries and damages are attributable in whole or in part to the culpable conduct of Plaintiffs or other persons or parties herein and by reason thereof, the respective rights of the parties should be determined pursuant Sections 1411 and 1412 of the CPLR.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Upon information and belief, any past or future costs for expenses incurred or to be incurred by Plaintiff for medical treatment have been or will be, with reasonable certainty,

replaced or indemnified in whole or in part from collateral sources as defined in Section 4545 (c) of the CPLR.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Plaintiff has not sustained any damages by virtue of any act or omission of this Defendant or any of its agents or employees.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred as there is no causal relationship between any acts or omissions by this Defendant and the damages, if any, suffered by Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. Any injuries alleged by Plaintiffs were due to a condition of which this Defendant had no actual or constructive notice.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to mitigate damages reasonably as a matter of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. Recovery is barred in this action as to this Defendant in whole or in part by Plaintiff's culpable conduct.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. Any damages sustained by Plaintiff, which were not caused by the culpable conduct of Plaintiff, were caused by the culpable conduct of persons and entities over whom this Defendant had no control.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. This answering Defendant is not guilty of negligence and violated no duty to Plaintiff.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

32. Pursuant to the provisions of Article 16 of CPLR, should this answering Defendant be found liable to Plaintiff for damages, such liability being fifty percent or less of the total liability assigned to all persons liable, the liability of this answering Defendant for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of all persons liable.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. In the event that Plaintiff has or should in the future, settle any portion of this claim arising from the allegations contained in their Complaint with any currently named or to be named Defendant, the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the General Obligations Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff's action is barred by the Statute of Limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35. Plaintiff failed to join an indispensable party.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36. Upon information and belief, that the product which forms the subject of this suit was misused, mishandled, abused or otherwise improperly operated, used and contained by the Plaintiff and/or by others over whom this Defendant had no control.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

37. Upon information and belief, if it is found that any products distributed, manufactured, sold or maintained by this Defendant is involved in this lawsuit, such products underwent substantial alterations after said products left the possession and control of same.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

38. Upon information and belief, Plaintiff did not provide timely and proper notice to this Defendant as required by law of any alleged breach of expressed or implied warranties.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

39. If Plaintiff incurred any injuries as alleged in the Complaint, such injuries and/or damages were incurred entirely as a result of misuse of the subject product without any negligence, strict product liability or breach of warranty on behalf of this Defendant.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

40. The product, as originally sold, was not defective and had certain safety devices that would have prevented the injuries alleged but which were removed, modified, bypassed or avoided by persons or entities not under the control of this Defendant.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

41. All information, instructions and warnings concerning the product allegedly designed, manufactured, tested, inspected, assembled, distributed or sold by this Defendant were in conformity with the available knowledge of the scientific and industrial community and met all applicable governmental and industrial standards and guidelines.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

42. Plaintiff's cause of action in warranty is barred due to the lack of privity between Plaintiff and this Defendant.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

43. Plaintiff neither received nor may rely upon any representations or warranty made by this Defendant.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

44. Plaintiff failed to give proper and prompt notice of any alleged breach of warranty to this Defendant and, accordingly, any claims based on breach of warranty are barred according to the provisions of UCC 2-607.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

45. The product was not unreasonably dangerous, was suitable for the purposes for which it was intended, and was distributed with adequate warnings and/or instructions.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

46. All warnings of the propensities or dangers as alleged in the Complaint of the product forming the subject of this lawsuit were reasonable and adequate.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

47. Plaintiff knew, or should have known, of the propensities or dangers of the subject product and was a sophisticated user thereof, thereby obviating this Defendant's need to warn of alleged dangers or propensities of same, if any.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

48. If there were any defects in the subject product, which this Defendant specifically denies, such defects were not the substantial factor which contributed to the situation alleged in the Complaint.

WHEREFORE, Defendant H.J. HEINZ COMPANY demands judgment dismissing Plaintiff's Complaint herein, and further demands judgment over and against Plaintiff for the amount of any judgment obtained against this Defendant by Plaintiff, or on the basis of apportionment of responsibility, in such amounts as a jury or the Court may direct, together with the costs and disbursements of this action.

Dated: New York, New York
      August 17, 2007

Yours etc.

_____
Ewan M. Clark, Esq.
BONNER KIERNAN TREBACH
 & CROCIATA, LLP
Attorneys for Defendant
H.J. Heinz Company
Empire State Building, Suite 3304
New York, New York  10118
(212) 268-7535